*****Please be advised that the use of these forms may not be proper for your specific legal situation*****
****Please make an independent determination whether use of these forms is appropriate****

# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA
☑ NE   ☐ NW   ☐ SE   ☐ SW   DIVISION

(Check the correct Division.  See D.N.D. General Local Rule 1.1)

| | |
|---|---|
| Garet Bradford <br><br><br><br> (Enter full name of each Plaintiff, above) <br><br> vs. <br> REGENTS OF THE UNIVERSITY OF NORTH DAKOTA, a constitutional body corporate; Katheryn Rand, Bradley Parrish, Robert Kelly, Steven Morrison all individually and in their official capacity; Jointly and Severally, Defendants. <br><br> (Enter full name of each Defendant, above) | Civil Case No. _____ <br> (To be assigned by Clerk of Court) <br><br> JURY TRIAL DEMANDED  ☑Yes  ☐No <br> (Check one) |

# COMPLAINT

**I. JURISDICTION.** State the grounds for filing this case in Federal Court (include federal statutes or U.S. Constitutional provisions).

This is an action under 42 USC §1983 for deprivation of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, for deprivation of Plaintiff's rights to freedom of speech, due process, and equal protection under the North Dakota Constitution, for breach of contract, defamation, tortious interference, and intentional infliction of emotional distress based on North Dakota common law, and for discrimination under the North Dakota's Human Rights Act ( "NDHRA"), N.D.C.C. Chapter 14-04.4

**SAMPLE COMPLAINT**                                    1

**II. PLAINTIFF.** For each Plaintiff list: name and address including City, County and State.

Garet Bradford (Pro Se) 415 18th ave S. Grand Forks, ND 58201. 775-247-3424

**III. DEFENDANT.** For each Defendant list: name and address including City, County and State.

Regents of the University of North Dakota 10th Floor, State Capitol 600 East Boulevard Ave, Dept. 215 Bismarck, ND 58505-0230

Katheryn Rand, Dean UND School of Law, Twamley Hall 415 264 Centennial Drive Stop 9003 Grand Forks ND 58202-9003

Bradley Parrish, Assistant Dean UND School of Law, Twamley Hall 415 264 Centennial Drive Stop 9003 Grand Forks ND 58202-9003

Robert Kelly, President University of North Dakota 300 Twamley Hall 264 Centennial Dr Stop 8193 Grand Forks, ND 58202

Steven Morrison, Professor UND School of Law, 1526 Robertson Court, Grand Forks, ND 58201

**SAMPLE COMPLAINT**                                 2



**IV. CLAIM.** State the facts of your claim. Include the name of each person involved, dates and places. Be as specific as possible. Do not give any legal argument or cite any cases or statutes. Use additional sheets of paper if necessary.

SEE ATTACHMENT

**V. ADMINISTRATIVE PROCEDURES.** If applicable, state whether your claim was heard by any administrative agencies; the type of proceedings; the date and place of any proceedings; the outcome of any administrative proceedings.

NONE

**SAMPLE COMPLAINT**                                              3

**VI. RELIEF.** State what you want the Court to do for you.

RELIEF REQUESTED (INCLUDED WITHIN ATTACHMENT)

Plaintiff demands judgment against Defendants Regents of the University of North Dakota and Defendants Parrish, Rand, Kelly, and Morrison in their individual and official capacities as follows:

Legal Relief

1. Compensatory damages in whatever amount he is found to be entitled;
2. Exemplary damages in whatever amount he is found to be entitled;
3. Punitive damages in whatever amount he is found to be entitled;
4. An award of interest, costs and reasonable attorney fees.

Equitable Relief

1. A temporary restraining order and preliminary injunction order reinstating Plaintiff to Defendant University of North Dakota's School of Law; and otherwise placing him in the position he would have been in but for Defendants' wrongdoing;
2. A permanent injunction out of this Court prohibiting any further acts of wrongdoing;
3. An award of interest, costs and reasonable attorney fees.
4. Whatever other equitable relief appears appropriate at the time of final judgment.

**VII. SIGNATURE.** Each Plaintiff must individually sign this complaint.

Signed this  5/18/_  day of  May  , 2 015 .

_[signature]_
Signature of Plaintiff

Garet Bradford
Printed Name of Plaintiff

415 18th Ave S.
Mailing Address

Grand Forks, ND 58201
City, State, Zip Code

775-247-3424
Telephone Number of Plaintiff

_____
Signature of Plaintiff

_____
Printed Name of Plaintiff

_____
Mailing Address

_____
City, State, Zip Code

_____
Telephone Number of Plaintiff

**SAMPLE COMPLAINT**                                 4

United States District Court, 8th Circuit North Dakota

**GARET BRADFORD**, Plaintiff,

v.

**REGENTS OF THE UNIVERSITY OF NORTH DAKOTA**, a constitutional body corporate; **Katheryn Rand**, individually and in her official capacity; **Bradley Parrish**, individually and in his official capacity; **Robert Kelley** individually and in his official capacity; **Steven Morrison;** jointly and Severally, Defendants.

## Complaint and Demand for Jury Trial

Garet Bradford (Pro Se) 415 18th Ave. S. Grand Forks, ND 58201 775-247-3424

Plaintiff **Garet Bradford**, (Pro Se) for Complaint, complains against Defendant **Regents of the University of North Dakota**, and Defendants **Katheryn Rand, Bradley Parrish, Robert Kelly, Steven Morrison** in their individual and official capacities as follows:

**Regents of the University of North Dakota** 10th Floor, State Capitol 600 East Boulevard Ave, Dept. 215 Bismarck, ND 58505-0230

**Katheryn Rand-Dean UND School of Law**, Twamley Hall 415 264 Centennial Drive Stop 9003 Grand Forks ND 58202-9003

**Bradley Parrish-Assistant Dean UND School of Law**, Twamley Hall 415 264 Centennial Drive Stop 9003 Grand Forks ND 58202-9003

**Robert Kelly-President U of North Dakota** 300 Twamley Hall 264 Centennial Drive Stop 8193 Grand Forks, ND 58202

**Steven Morrison-Professor UND School of Law-**1526 Robertson Court, Grand Forks, ND 58201

## Jurisdiction and Parties

1. This is an action under **42 USC §1983** for deprivation of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, for deprivation of Plaintiff's rights to freedom of speech, due process, and equal protection under the North Dakota Constitution, for breach of contract, defamation, tortious interference, and intentional infliction of emotional distress based on North Dakota common law, and for discrimination under the North Dakota's Human Rights Act ("NDHRA"), **N.D.C.C. Chapter 14-04.4**

2. Defendant **Regents of the University of North Dakota** (hereafter "Defendant **University of North Dakota**") is a constitutional body corporate operating within Grand Forks, North Dakota, within the District of North Dakota.

3. Plaintiff **Garet Bradford** (hereafter "Plaintiff") is a resident of North Dakota, which is within the District of North Dakota.

4. Defendant **Kathryn Rand** (hereafter "Defendant **Rand**") is Dean of Law at Defendant University of North Dakota's School of Law and is a resident of North Dakota, which is within the District of North Dakota.

5. Defendant **Bradley Parrish** (hereafter "Defendant **Parrish**") is an Assistant Dean of Law at Defendant University of North Dakota's School of Law and is under the guise of Defendant Rand and is a resident of North Dakota, which is within the District of North Dakota.

6. Defendant **Robert Kelley** (hereafter "Defendant **Kelly**") is the President at Defendant University of North Dakota and is a resident of North Dakota, which is within the District of North Dakota.

7. Defendant **Steven Morrison** (hereafter "Defendant **Morrison**") is a Professor of Criminal and Constitutional Law at Defendant University of North Dakota's School of Law and is a resident of North Dakota, which is within the District of North Dakota.

8. The events (which are ongoing) giving rise to this cause of action occurred in Grand Forks County, North Dakota which is within the District of North Dakota.

## Background Facts

9. Plaintiff applied in March 2014 to Defendant's **University of North Dakota School of Law**.

10. Plaintiff was in formed in July 2014 that he had been accepted to Defendant's **North Dakota School of Law**.

11. Plaintiff accepted the offer to enroll at Defendant's **North Dakota School of Law**.

12. Plaintiff was a student at Defendant's **University of North Dakota School of Law** from August, 2014 until his dismissal on or about May 13, 2015.

13. Plaintiff came to Defendant **University of North Dakota's School of Law** with an excellent record of academic achievement throughout his educational career.

14. Plaintiff successfully completed his first year of law school studies during the 2014-2015 school year.

15. Plaintiff in a February 2015 meeting with his academic advisor Plaintiff was informed by Defendant's **University of North Dakota's** Professor Dauphanais that "every professor has an issue with you (Plaintiff)."

16. On February 27, 2015 during Plaintiffs first year and second semester of law school, Plaintiff was summoned by e-mail from Defendant **Parrish** that issues had "come to light" concerning Plaintiffs application for enrollment (that was awarded in June 2014).

17. Defendant **Parrish** within the e-mail listed five situations where he gave the plaintiff the opportunity to respond to with a complete description required for the questions presented with 3 days (March 2, 2015).

18. On February 27, 2015 Plaintiff requested meeting with Defendant **Parrish** to discuss to clarify this situation

19. Defendant **Parrish** met with the Plaintiff on March 2, 2015 and explained that the request was not from him personally but from the "admissions committee." Plaintiff asked Defendant **Parrish** the names of those on the committee for which Defendant Parrish stated "I don't know." Defendant Parrish knows this is untrue.

20. Plaintiff, in an effort to clear his name, attempted to arrange a meeting with the administration (admissions committee) to verbally answer any/all questions so nothing would be lost in translation. When Defendant **Parrish** learned of Plaintiff's intentions, he forbade Plaintiff from speaking to the committee, to attend the hearing, or informing Plaintiff of the individuals involved with the "committee."

21. Within this meeting the Plaintiff asked Defendant **Parrish** if this situation had any bearing on his enrollment since it was the Plaintiff's belief that if his enrollment were in question that he would like the ability to contact legal counsel. Defendant Parrish stated "no" to this question and that "in his 3 years at this position (Dean) he has never seen a situation where a student's enrollment was at issue."

22. Plaintiff asked Defendant **Parrish** how he was made aware of Plaintiff's "new information", Defendant **Parrish** refused to answer. Based on Defendant **Parrish's** statements within the meeting Plaintiff answered all verbal and written questions.

23. On March 14 Plaintiff received a letter from Defendant **Parrish** informing him that the Plaintiff's answers were not sufficient and that he was being asked to once again answer the same questions with full factual narratives and to be more "descriptive and reflective."

24. On March 14 Plaintiff contacted Defendant **Parrish** as to meet in person to clarify.

25. On March 14 Defendant **Parrish** declined to meet in person but set a time to speak via phone.

26. On March 17 Defendant **Parrish** contacted Plaintiff by phone. Within this conversation when Plaintiff asked what Defendant **Parrish** was "looking for" that was not included in the first response Defendant **Parrish** informed Plaintiff that "he didn't know" since "he was not a privy to the people that were inquiring". Defendant **Parrish** again knew this was not true. Again Plaintiff asked to speak to the committee or be present at any/all hearings concerning this matter, and once again this request was denied.

27. Within this phone conversation on March 17 Defendant **Parrish** assured Plaintiff (under Plaintiff concerns of obtaining legal representation) that "in his 3 years as Dean he (Defendant **Parrish**) has not seen any negative consequences incurred by student, nor has he seen the committee request more information from a student concerning their application(s), or was the student's future enrollment an issue.

28. Plaintiff readdresses the same questions he previously answered and on March 20 and again

answered fully the questions to the best of his ability.

29. Plaintiff resumed his studies

30. In Early May Plaintiff registered for summer 2015 and fall 2015 classes, met with the Career Guidance Counselor (Patricia Hodny), and applied for summer legal work grants.

31. In Early May Plaintiff applied for summer legal practice and was hired by four separate law firms (Minnesota, Colorado, Florida, and California).

32. On May 7, 2015 Plaintiff completed the first year at Defendants **University of North Dakota's School of Law** with no correspondence from any Defendants, staff, agents of the University of North Dakota concerning the multiple requests by Defendant Parrish in Feb/Mar.

33. May 10 Plaintiff was told by classmate that he (classmate) had received his summer legal work grant.

34. On May 12, 2015 in responding to a delay in the awarding of the legal work grant which was to be announced on May 1, 2015 and to which his classmate had reported receiving, Plaintiff (who applied) was informed by Patricia Hodny (University Career Adviser) that the "committee has not met as of yet" which she knew was untrue.

35. On May 13, 2015 Plaintiff received an e-mail from Defendant **Parrish** with the syllabus for the summer Criminal Procedure class.

36. On May 13, 2015 Plaintiff received an e-mail that informed the Plaintiff of his immediate dismissal from the Defendants **University of North Dakota School of Law**. Plaintiff requested a meeting to clarify.

37. On May 14, 2015 Defendant **Parrish** in a personal meeting informed the Plaintiff he could not talk to the committee concerning their decision, that there was no appeal process, and the decision was final. Defendant **Parrish** stated that Plaintiffs transcripts would state that he was in "good standing" (which he knew was untrue) which would allow for an "easy transfer" if Plaintiff choose to attend another law school. Defendant **Parrish** stated that he could not alter the decision.

38. Defendant **Parrish** at this meeting informed the Plaintiff that he had known of the committee decision concerning the Plaintiff for "weeks" but choose not to inform him. Defendant apologized to the Plaintiff from this act of non-discloser. This non-discloser lead to a substantial detriment and irreparable harm for/to the Plaintiff.

39. Plaintiff informed Defendant **Parrish** of his intention to speak with the University President concerning this matter.

40. On May 14 Plaintiff requested in an e-mail to meet with Defendant **Kelly** to discuss the matter. Plaintiff was informed that he was unavailable and to meet with Provost Di Lorenzo.

41. On May 15 Plaintiff met with Provost Di Lorenzo to mitigate the situation and inquire about a negotiation. Provost Di Lorenzo informed Plaintiff that he will discuss the situation with others and

contact Plaintiff within 24 hours to update.

42. On May 16 Plaintiff receives an e-mail from Defendant **Parrish** informing him that his transcript will not state that Plaintiff is in "good standing" (which is in direct contrast of what was stated from Defendant **Parrish** to Plaintiff in a May 14 meeting). Defendant **Parrish** apologized to Plaintiff for misleading him.

43. On May 18 Provost Di Lorenzo contacted Plaintiff via-mail to state that he Defendant **Rand** and others would be in discussion concerning the matter at hand and until then he would advise Plaintiff not to attend class that begins May 18 until further notification.

44. On May 18 Plaintiff receives an e-mail from Defendant **Parrish** informing him the decision to dismiss Plaintiff from the **Defendants University of North Dakota School of Law** immediately and to drop the classes that Plaintiff is registered in for the summer 2015 and fall 2015 academic year. Defendants **Rand, Parrish, and Kelly** failed to mitigate and thus acted in bad faith.

45. Plaintiff discussed with his classmates the situation of the "staff problem" with Plaintiff

46. Plaintiff was informed by classmates that my name came up with various professors which in return one professor (Defendant **Morrison**) stated "I am going to mark his grade down."

47. From the time of the professors' resignations, the administration and faculty of Defendant **University of North Dakota's School of Law** targeted Plaintiff for less favorable treatment than similarly situated classmates.

48. In Mid-April, 2015, Plaintiff received a superior grade from his Criminal Law professor (Defendant **Morrison**) for an essay he taken at that time. Professor had no knowledge of the author of the essay due the required entry by number

49. Plaintiff's grade for the Criminal Law Final was graded as fail. Defendant **Morrison** had prior knowledge of the individual of each final exam

50. This grade is not evident of the Plaintiffs earlier work and the experience of 3 years in the criminal law field

51. Later, Plaintiff was stunned to learn that he had received a failing grade on the final examination.

52. When Plaintiff questioned the statements made by fellow students on Defendant **Morrison's** intention to "lower Plaintiffs grade" he denied this allegation and declined further comment.

53. During Plaintiff's first year of law school, the administration at Defendant **University of North Dakota School of Law**, including Defendant **Parrish**, and/or faculty members under the direction of the administration, including Defendant **Parrish**, solicited and gathered statements from students which would denigrate his character and "justify" his dismissal.

54. When questioned about the gathering and soliciting of such statements Defendant **Parrish** would

decline to release the names of those who were directly involved.

55. The aforementioned negative comments were not only an unfair and inaccurate portrayal of Plaintiff's character but also part of a retaliatory effort instigated by Defendant **Parrish**. These negative assessments stand in stark contrast to the daily conduct which demonstrate that Plaintiff's performance was more than adequate.

56. On or around May 13, 2005, Administration agents from the Defendants **University of North Dakota** submitted a letter to Defendant **Parrish** which became part of Plaintiff's academic file and was used to justify his dismissal from Defendant **University of North Dakota's School of Law**. The letter contained scathing criticisms of his past performance which Defendant **Parrish** knew were untrue.

57. On or about May 13, 2015, Plaintiff was advised that an admissions review board had recommended Plaintiff's dismissal from Defendant **University of North Dakotas School of Law**.

58. Defendant **University of North Dakota School of Law** and Defendant **Parrish's** dismissal of Plaintiff--a law student who had completed his first year of studies--was highly unusual if not unprecedented.

59. During the internal process which proceeded, members of Defendant **University of North Dakota School of Law** failed to make a careful, deliberate, and unbiased decision about Plaintiff's dismissal. Instead, they rubber-stamped the committee decision and **Defendant University of North Dakota** bad faith decision to dismiss Plaintiff for retaliatory/unprecedented reasons unrelated to his performance.

60. Plaintiff is 46 years old. All students' applications were not verified and vetted

61. Defendants have treated similarly-situated students at Defendant **University of North Dakota** whose performance was equivalent to or less satisfactory than Plaintiff's performance, more favorably than Plaintiff because of age and personal bias.

62. More specifically, Defendant **University of North Dakota** administrators have favored "traditional" age-based students by intervening to ensure that they stay enrolled, and Defendants have applied a different standard with respect to assessing individual activities based on age.

63. Defendants have not vetted and verified all information presented on students applications. Defendants have been malicious and negligent in their approach to which and whom gets investigated with no set standard or guideline concerning such matters. On the surface the Defendants **University of North Dakota's** conduct is discriminatory in nature and implementation

Count I

42 USC §1983 - First Amendment Freedom of Speech Retaliation

64. Plaintiff repeats and realleges Paragraphs 1 through 63 set forth above with the same force and effect as though set forth in full herein.

65. Plaintiff has a right to be free from retaliation for exercising rights protected by the First Amendment to the U.S. Constitution, including her right to speak freely with fellow students and faculty in a public university setting about matters related to the public record.

66. Plaintiff's efforts to speak freely with fellow students and faculty in a public university setting about matters related to public record an exercise of rights protected by the First Amendment to the U.S. Constitution, including Plaintiff's right to free speech.

67. Defendants have retaliated against Plaintiff for exercising her First Amendment rights by engaging in discriminatory treatment and by dismissing him from Defendant **University of North Dakota's School of Law**.

68. Defendant **Parrish** and other agents, representatives, and employees of Defendant **University of North Dakota** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

69. Defendant **Parrish** and other agents, representatives, and employees of Defendant **University of North Dakota** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

70. Defendant **Parrish** and other agents, representatives, and employees of Defendant **University of North Dakota** acting under color of state law and in concert with one another, acted out of an intent to punish Plaintiff for and to deter her from exercising his First Amendment rights.

71. The acts of Defendant **Parrish** and other agents, representatives, and employees of **Defendant University of North Dakota** as described above represent official policy of Defendant **University of North Dakota** and are attributable to Defendant **University of North Dakota**.

72. At all times material hereto, Plaintiff had a clearly established right to freedom of speech of which a reasonable public official would have known.

73. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her dental school education and Juris Doctor (J.D) degree, time and resources, career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

## Count II

### 42 USC § 1983 - Fourteenth Amendment Due Process

74. Plaintiff repeats and realleges Paragraphs 1 through 73 set forth above with the same force and effect as though set forth in full herein.

75. As a student at public university, Plaintiff enjoyed a constitutionally protected fundamental right and interest in continuing his law school education.

76. As a student at a public university, Plaintiff enjoyed a constitutionally protected property interest in continuing his law school education.

77. Plaintiff's reputation and her opportunity to pursue future employment constitute a constitutionally protected liberty interest.

78. Defendants' dismissal of Plaintiff from Defendant **University of North Dakota School of Law** was arbitrary and capricious and motivated by bad faith.

79. Plaintiff was not afforded an unbiased, careful, and deliberate review process either prior to or following his dismissal from Defendant **University of North Dakota's School of Law**.

80. Defendants **Rand, Parrish, and Morrison** made false charges and accusations against Plaintiff which stigmatized him and severely damaged his opportunities for future employment.

81. Plaintiff was misled by Defendant **Parrish** for to be represented by legal council

82. Plaintiff was not allowed by Dean **Parrish** an opportunity to present his case in a formal hearing

83. Plaintiff was not allowed by Dean **Parrish** to present his case at a formal appeal hearing.

84. Plaintiff was not allowed to know the names of the individuals on the committee by Defendant **Parrish** as to be able to present them with questions concerning the case.

85. In depriving Plaintiff of his constitutionally protected rights, including his fundamental right to and property interest in continuing her public university education, and his liberty interest in his reputation and opportunity to pursue future employment, Defendants' actions abridge his right to due process of law in violation of the Fourteenth Amendment to the United States Constitution.

86. Defendants **Parrish, Rand, Kelly, Morrison** and other agents, representatives, and employees of Defendant **University of North Dakota** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

87. Defendants **Parrish, Rand, Kelly, Morrison** and other agents, representatives, and employees of Defendant **University of North Dakota** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

88. The acts of Defendants **Parrish, Rand, Kelly, and Morrison** and other agents, representatives, and employees of Defendant **University of North Dakota** as described above represent official policy of Defendant **University of North Dakota** and are attributable to Defendant **University of North Dakota**.

89. At all times material hereto, Plaintiff had a clearly established right to due process of law of which a reasonable public official would have known.

90. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his law school education and Juris Doctor (J.D)

degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

## COUNT III

### 42 USC § 1983- Fourteenth Amendment Equal Protection

91. Plaintiff repeats and realleges Paragraphs 1 through 90 set forth above with the same force and effect as though set forth in full herein.

92. Plaintiff has a right to fair and equal treatment under the law, as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

93. Defendants have intentionally singled out and treated Plaintiff less favorably than other similarly situated persons, without any rational basis for that treatment. In so doing, Defendants have denied Plaintiff fair and equal treatment under the law in violation of the Equal Protection Clause of the Fourteenth Amendment to United States Constitution.

94. Defendants **Rand, Parrish, Kelly, and Morrison** and other agents, representatives, and employees of Defendant **University of North Dakota** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

95. Defendants **Rand, Parrish, Kelly, and Morrison** and other agents, representatives, and employees of Defendant **University of North Dakota** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

96. The acts of Defendants **Rand, Parrish, Kelly, and Morrison** and other agents, representatives and employee of Defendant **North Dakota** described above represent official policy of Defendant **University of North Dakota** and are attributable to Defendant **University of North Dakota.**

97. At all times material hereto, Plaintiff had a clearly established right to equal fair and equal treatment under the law of which a reasonable Defendant **University of North Dakota** public official would have known.

98. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his law school education and Juris Doctor (J.D) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation

## Count IV

## North Dakota Constitution - Freedom of Speech

99. Plaintiff repeats and realleges Paragraphs 1 through 98 set forth above with the same force and effect as though set forth in full herein.

100. Plaintiff has a right to be free from retaliation for exercising rights protected by the North Dakota Constitution, including her right to speak freely with fellow students and faculty in a public university setting about matters related to the public record.

101. Plaintiff's efforts to speak freely with fellow students and faculty in a public university setting about matters related to the public record amount to an exercise of rights protected by the North Dakota Constitution, including Plaintiff's right to free speech.

102. Defendants have retaliated against Plaintiff for exercising her constitutional rights by engaging in discriminatory treatment and by dismissing him from Defendant **University of North Dakota's School of Law.**

103. Defendant **Parrish** and other agents, representatives, and employees of Defendant **University of North Dakota** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights under the North Dakota Constitution.

104. Defendant **Parrish** and other agents, representatives, and employees of Defendant **University of North Dakota** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

105. Defendant **Parrish** and other agents, representatives, and employees of Defendant **University of North Dakota** acting under color of state law and in concert with one another, acted out of an intent to punish Plaintiff for and to deter him from exercising his right to freedom of speech under the North Dakota Constitution.

106. The acts of Defendant **Parrish** and other agents, representatives, and employees of Defendant **University of North Dakota** as described above represent official policy of Defendant **University of North Dakota** and are attributable to Defendant **University of North Dakota.**

107. At all times material hereto, Plaintiff had a clearly established right to freedom of speech under the North Dakota Constitution of which a reasonable public official would have known.

108. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of law school education and Juris Doctor (J.D) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

Count V

North Dakota Constitution - Due Process

109. Plaintiff repeats and realleges Paragraphs 1 through 108 set forth above with the same force and effect as though set forth in full herein.

110. As a student at public university, Plaintiff enjoyed a constitutionally protected fundamental right and interest, under the North Dakota Constitution, in continuing her dental school education.

111. As a student at a public university, Plaintiff enjoyed a constitutionally protected property interest, under the North Dakota Constitution, in continuing her dental school education.

112. Plaintiff's reputation and his opportunity to pursue future employment constitute a constitutionally protected liberty interest under the North Dakota Constitution.

113. Defendants' dismissal of Plaintiff from Defendant **University of North Dakota's School of Law** was arbitrary and capricious and motivated by bad faith.

114. Plaintiff was not afforded an unbiased, careful, and deliberate review process either prior to or following her dismissal from Defendant **University of North Dakota's School of Law**.

115. Defendants made false charges and accusations against Plaintiff which stigmatized him and severely damaged her opportunities for future employment.

116. Plaintiff was denied a meaningful opportunity to clear his name.

117. In depriving Plaintiff of his constitutionally protected rights, including his fundamental right to and property interest in continuing his public university education, and his liberty interest in his reputation and opportunity to pursue future employment, Defendants' actions abridge his right to due process of law in violation of the North Dakota Constitution.

118. Defendants **Parrish, Rand, Kelly, Morrison** and other agents, representatives, and employees of Defendant **University of North Dakota** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

119. Defendants **Parrish, Rand, Kelly, and Morrison** and other agents, representatives, and employees of Defendant **University of North Dakota** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

120. The acts of Defendant **Parrish** and other agents, representatives, and employees of **Defendant University of North Dakota** as described above represent official policy of Defendant University of

**North Dakota** and are attributable to Defendant **University of North Dakota**.

121. At all times material hereto, Plaintiff had a clearly established right to due process of law under the North Dakota Constitution of which a reasonable public official would have known.

122. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his law school education and Juris Doctor (J.D) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

## Count VI

## North Dakota Constitution - Equal Protection

123. Plaintiff repeats and realleges Paragraphs 1 through 122 set forth above with the same force and effect as though set forth in full herein.

124. Plaintiff has a right to fair and equal treatment under the law, as guaranteed by the North Dakota Constitution.

125. Defendants have intentionally singled out and treated Plaintiff less favorably than other similarly situated persons, without any rational basis for that treatment. In so doing, Defendants have denied Plaintiff fair and equal treatment under the law in violation of the North Dakota Constitution.

126. Defendants **Parrish, Rand, Kelly, Morrison** and other agents, representatives, and employees of Defendant **University of North Dakota** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

127. Defendants **Parrish, Rand, Kelly, Morrison** and other agents, representatives, and employees of Defendant **University of North Dakota** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

128. The acts of Defendants **Parrish, Rand, Kelly, Morrison** and other agents, representatives and employee of Defendant **University of North Dakota** described above represent official policy of Defendant **University of North Dakota** and are attributable to Defendant **University of North Dakota**.

129. At all times material hereto, Plaintiff had a clearly established right to equal fair and equal treatment under the law of which a reasonable public official would have known.

130. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his law school education and Juris Doctor (J.D) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

## Count VII

### Breach of Contract or Implied Contract

131. Plaintiff repeats and realleges Paragraphs 1 through 130 set forth above with the same force and effect as though set forth in full herein.

132. Plaintiff had a contract or implied contract with Defendant **University of North Dakota**.

133. Defendants' failure and refusal to abide by the terms of that contract or implied contract constituted a breach of said contract.

134. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his law school education and Juris Doctor (J.D) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

## Count VIII

### Defamation

135. Plaintiff repeats and realleges Paragraphs 1 through 134 set forth above with the same force and effect as though set forth in full herein.

136. Defendants **Parrish, Rand, Kelly, Morrison** and/or other agents of Defendant **University of North Dakota** reported and published to third parties that Plaintiff's performance in the law school was woefully inadequate.

137. Defendants' aforementioned representations were false and malicious.

138. Defendants knew that the information was false or misleading.

139. Defendants published the remarks to third parties with knowledge of the falsity of the statements or in reckless disregard of truth or falsity.

140. Defendants' statements were not privileged.

141. Defendants' statements amount to gross negligence.

142. Defendants made the false statements in order to prejudice Plaintiff in the conduct of his business or to deter others from dealing with him.

143. Defendants' statements were defamation per se.

144. Defendants' defamatory statements resulted in seriously damaging Plaintiff's reputation.

145. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages,

including but not limited to, monetary damages, loss of his law school education and Juris Doctor (J.D.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

## Count IX

**Tortious Interference with a Contract or Advantageous Business Relationship or Expectancy (vs. Defendants Parrish, Rand, Kelly, Morrison only)**

146. Plaintiff repeats and realleges Paragraphs 1 through 145 set forth above with the same force and effect as though set forth in full herein.

147. Plaintiff had a contract or advantageous business relationship or expectancy with **Defendant University of North Dakota**.

148. Defendants **Parrish, Rand, Kelly, and Morrison** were aware of Plaintiff's contract or advantageous business relationship or expectancy with Defendant University of North Dakota.

149. Defendants **Parrish, Rand, Kelly, and Morrison** for personal reasons and personal benefit, intentionally, improperly, and without justification interfered with Plaintiff's advantageous business relationship and expectancy with Defendant University of North Dakota.

150. Defendants **Parrish, Rand, Kelly, Morrison** acted with malice in interfering Plaintiff's contract, business relationship or expectancy with Defendant **University of North Dakota**.

151. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his law school education and Juris Doctor (J.D) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

## Count X

**Intentional Infliction of Emotional Distress**

152. Plaintiff repeats and realleges Paragraphs 1 through 151 set forth above with the same force and effect as though set forth in full herein.

153. Defendants' conduct as described above was intentional.

154. Defendants' conduct as described above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

155. Defendants' conduct resulted in severe and serious emotional distress.

156. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his law school education and Juris Doctor (J.D) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation

### Count XI

### North Dakota Human Rights Act (N.D.C.C. Chapter 14-02.4)

157. Plaintiff repeats and realleges Paragraphs 1 through 156 set forth above with the same force and effect as though set forth in full herein.

158. Defendant **University of North Dakota** is a place of public accommodation, a public service, and an educational institution as defined in North Dakota's Human Rights Act ("NDHRA"), N.D.C.C. Chapter 14-04.4

159. Defendants **Parrish, Rand, Kelly** are persons as that term is defined in the Act, and agents of Defendant **University of North Dakota.**

160. Defendants violated the "NDHRA" by treating similarly-situated students at Defendant **University of North Dakota** whose performance was equivalent to or less satisfactory than Plaintiff's performance, more favorably than Plaintiff, because of age.

161. The actions of Defendants resulted in discriminating against an individual (Plaintiff) in the full utilization of or benefit from an educational institution (Defendant **University of North Dakota)** or the services, activities, or programs provided by the educational institution (Defendant **University of North Dakota)** because of age.

162. The actions of Defendants resulted in expelling and otherwise discriminating against an individual enrolled as a student (Plaintiff) in the terms, conditions, and privileges of an educational institution (Defendant **University of North Dakota)** because of age.

163. The actions of Defendants resulted in denying Plaintiff the full and equal enjoyment of the services, facilities, privilege, and advantages of a public accommodation or public service, because of age.

164. Defendants, by their agents, representatives, and employees, were predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

165. Defendants' actions as described above were in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

166. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her dental school education and Juris Doctor

(J.D) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

.

## RELIEF REQUESTED

Plaintiff demands judgment against Defendants **Regents of the University of North Dakota** and Defendants **Parrish, Rand, Kelly, and Morrison** in their individual and official capacities as follows:

Legal Relief

1. Compensatory damages in whatever amount he is found to be entitled;

2. Exemplary damages in whatever amount he is found to be entitled;

3. Punitive damages in whatever amount he is found to be entitled;

4. An award of interest, costs and reasonable attorney fees.

Equitable Relief

1. A temporary restraining order and preliminary injunction order reinstating Plaintiff to Defendant University of North Dakota's School of Law; and otherwise placing him in the position he would have been in but for Defendants' wrongdoing;

2. A permanent injunction out of this Court prohibiting any further acts of wrongdoing (which are ongoing);

3. An award of interest, costs and reasonable attorney fees.

4. Whatever other equitable relief appears appropriate at the time of final judgment.

Dated: May 17, 2015

DEMAND FOR TRIAL BY JURY

**Garet Bradford** (Pro Se) demands a trial by jury of all the issues in this cause.

*[signature]* 5-17-15