## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Garet Bradford, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.  2:15-cv-39 |
| vs. ) | |
| ) | **ORDER** |
| Regents of the University of North Dakota, ) | |
| a constitutional body corporate, Kath[]ryn Rand,) | |
| Bradley Parrish, Robert Kelly, and Steven ) | |
| Morrison, all individually and in their official ) | |
| capacity, and jointly and severally, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Garet Bradford (Bradford), proceeding pro se, has been granted leave to file this case in forma pauperis. The order granting leave to proceed IFP provides that no summons shall issue until the court completes its review of the IFP complaint pursuant to 28 U.S.C. § 1915(e)(2). (Doc. # 3). The court has not yet completed its initial review of Bradford's complaint.

Bradford's complaint includes various causes of action, all related to his dismissal as a student at the University of North Dakota law school. As defendants, Bradford named "Regents of the University of North Dakota," and several administrators and faculty members at the University and its law school. (Doc. #4). Bradford filed a motion for an ex parte temporary restraining order (TRO), alleging that he will suffer irreparable harm if an immediate TRO is not granted. (Doc. #5).

Federal Rule of Civil Procedure 65(b)(1) governs ex parte TRO's, and includes two requirements: 1) sworn or verified specific facts showing that immediate and irreparable harm will result if a TRO is not granted, and 2) written certification of  "any efforts made to give notice [to the adverse parties] and the reasons why it should not be required."

As to the first requirement, Bradford states that he "will suffer immediate and irreparable loss, damage, or injury as a result of [defendants'] actions . . . placing him in [a] position he would [not] have been in but for [d]efendants' wrongdoing." (Doc. #5). In his complaint he contends that prior to his dismissal as a law student he was registered for summer classes, he had "applied for summer legal work grants," and he was "hired" by four law firms for the summer. (Doc. #4, p. 8). Bradford states that he was not awarded a grant, and that because he was dismissed as a student he was directed to "drop" the summer classes. Id. at 8-9. Liberally construing Brandford's motion in conjunction with his complaint,[1] the court concludes that he alleges he will suffer immediate and irreparable harm because he will be unable to attend summer classes, and that he will be unable to work at law firms since he was not awarded a summer grant.

Bradford has not met the requirement of Rule 65(b)(1)(A). Economic loss and time expended generally do not constitute irreparable harm. See Sampson v. Murray, 415 U.S. 61, 90 (1974). Bradford has not established that he would have been awarded a grant if he had not been dismissed as a student, or that he could not take the classes for which he had registered during later semesters if he is readmitted as a student.

As to the second Rule 65(b) requirement, Bradford states only, "Ex parte requested due to Defendants['] attorneys being numerous and presently unknown to Plaintiff." (Doc. #5). An ex parte TRO is an extraordinary remedy. Rule 65's notice requirements "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and

---

[1] In construing a pro se complaint, a court is to take a liberal approach and is to hold a pro se litigant to a less stringent pleading standard than would be required of attorneys. Erickson v. Pardus, 551 U.S. 89, 93 (2007).

an opportunity to be heard has been granted [to] both sides of a dispute." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 438-39 (1974). An ex parte TRO may be appropriate if a plaintiff has shown that notice to the adverse party was impossible because the adverse party could not be located in a timely manner, if the identity of an adverse party is unknown, or if the adverse party cannot be found. Council on American-Islamic Relations v. Gaubatz, 667 F.Supp.2d 67, 75 (D.D.C. 2009).

Bradford has not met the requirement of Rule 65(b)(1)(B). The adverse parties and their locations are identified in the complaint. The fact that their attorneys are "presently unknown" to Bradford is not sufficient reason for ex parte consideration of a motion for a TRO.

It is **ORDERED** that the motion for a temporary restraining order (Doc. #5) is **DENIED**.

Dated this 1st day of June, 2015.

                                                      /s/ *Alice R. Senechal*
                                                      Alice R. Senechal
                                                      United States Magistrate Judge